UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAMES GRANDBERRY,

        Plaintiff,

        v.                                                     Case No. 25-cv-902-bhl

BEAU G. LIEGEOIS, et al.,

        Defendants.

---

## SCREENING ORDER

---

    Plaintiff James Grandberry, who is currently in custody at the Brown County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Grandberry's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

    Grandberry has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Grandberry has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $51.83. The Court will grant Grandberry's motion for leave to proceed without prepaying the filing fee.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

In his June 25, 2025 complaint, Grandberry attempts to assert claims against 19 judges and attorneys, as well as "Jane and John Doe Officers of Drug Task Force." Dkt. No. 1 at 2-4. He alleges, "I was arrested and detained on July 17th without cause and been held to present. without a attorney…All of the following defendants participated in this conspiracy." *Id.* at 5. Grandberry then claims that Defendants violated his due process rights, right to a speedy trial, were deliberately indifferent, violated *Monell*, violated his equal protection rights, and failed to train and supervise others. *Id*. at 6. He states, "No criminal complaint Appx July 17th, 2024 to present," *see id*. at 5, but public record shows that there is an on-going criminal case against him in Brown County, filed in July 2024, where he has been represented by different attorneys. *See* WISCONSIN CIRCUIT COURT ACCESS, *State of Wisconsin v. Grandberry*, Case No. 2024CF1334, *available at* https://wcca.wicourts.gov (last visited September 11, 2025). For relief, Grandberry seeks monetary damages. *Id*. at 7 & 10.

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Section 1983 limits liability to individuals who are personally responsible for a constitutional violation. *Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009). "An official satisfies the personal responsibility requirement of section 1983. . . if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent." *Gentry*

3

*v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (quoting *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982)). He or she "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id*. (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)).

The Court will dismiss the original complaint for failure to state a claim. Grandberry does not allege any specific facts explaining what happened on July 17 during his arrest, who was involved in the arrest, and what each person said or did to violate his constitutional rights. He therefore has not alleged personal involvement by any named defendant adequate to state a claim against them. Further, most of the defendants Grandberry names in his complaint—judges, prosecutors, and state public defenders— cannot be sued under §1983. *See Agrawal v. Pallmeyer*, 313 Fed. Appx. 866, 867-68 (7th Cir. 2009) (explaining that judges and prosecutors are entitled to absolute immunity under §1983 and defense attorneys do not act under the color of state law or federal authority for purposes of §1983). Therefore, the Court will dismiss the original complaint for failure to state a claim.

The dismissal is not final, however. As a general matter, *pro se* plaintiffs are allowed at least one chance to amend an inadequately pleaded complaint. *See Boyd v. Bellin*, 835 F. App'x 886, 889 (7th Cir. 2021). The Court will therefore give Grandberry an opportunity to file an amended complaint to cure the deficiencies described above. The Court will enclose a guide for *pro se* prisoners that explains how to file an amended complaint that the Court can effectively screen. The Court also will include a blank prisoner amended complaint form. The Court will require Grandberry to use that form to file his amended complaint. *See* Civ. L. R. 9 (E.D. Wis.). Grandberry is advised that the amended complaint must bear the docket number assigned to this case. The amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No.*

4

*84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If Grandberry files an amended complaint, the Court will screen it as required by 28 U.S.C. §1915A. If Grandberry does not file an amended complaint, the Court will likely dismiss this case.

The Court also notes that federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with on-going state proceedings. *See Younger v. Harris*, 401 U.S. 37, 45 (1971). Without reviewing the specific factual allegations from his amended complaint, it is too early for the Court to determine whether *Younger* applies to Grandberry's claim of unlawful arrest. But it is possible that, after reviewing the amended complaint, this case may be stayed and administratively closed pending resolution of Brown County Case No. 2024CF1334.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Grandberry's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the original complaint is **DISMISSED** because it fails to state a claim. Grandberry may file an amended complaint that complies with the instructions in this order **within 30 days of this order**. If Grandberry files an amended complaint by the deadline, the Court will screen it as required by 28 U.S.C. §1915A. If Grandberry does not file an amended complaint by the deadline, the Court will likely dismiss this case.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Grandberry a blank prisoner amended complaint form and a copy of the guide entitled "Guide to Filing Prisoner Complaints Without a Lawyer in the United States District Court for the Eastern District of Wisconsin," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Grandberry shall collect from his institution trust account the **$298.17** balance of the filing fee by collecting monthly payments from Grandberry's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Grandberry is transferred to another institution, the transferring institution shall forward a copy of this Order along with Grandberry remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Grandberry is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Grandberry is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on September 12, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge