UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES GRANDBERRY,

    Plaintiff,

v.                                                                    Case No. 25-cv-902-bhl

BEAU G. LIEGEOIS, et al.,

    Defendants.

## DISMISSAL ORDER

Plaintiff James Grandberry, who is currently in custody at the Brown County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that 19 judges and attorneys, along with two "Jane and John Doe Officers of Drug Task Force" violated his civil rights. Dkt. No. 1. He claimed that Defendants had conspired to violate his rights but provided minimal factual details supporting the alleged violations. *Id*. Accordingly, on September 12, 2025, the Court screened and dismissed the original complaint for failure to state a claim. Dkt. No. 7. The Court explained that while Grandberry alleged that he had been arrested and detained, he did not allege any specific facts about circumstances of his arrest sufficient to allow the Court to infer that any individual had violated his constitutional rights. *Id*. at 4. Without allegations of personal involvement by any named defendant, he had failed to state a claim. *Id*. The Court also explained that 19 out of the 20 defendants named in the complaint were judges, prosecutors, or state public defenders, and none of them could be sued under §1983 because they were either immune from suit for damages or were not state actors. *Id*. The Court also noted that the on-going state court criminal case against Grandberry stemming from the arrest, *see* WISCONSIN

CIRCUIT COURT ACCESS, *State of Wisconsin v. Grandberry*, Case No. 2024CF1334, *available at* https://wcca.wicourts.gov, would likely require the Court to abstain from taking jurisdiction over the federal claims anyway. *Id*. at 5. The Court dismissed the complaint for failure to state a claim but gave Grandberry an opportunity to file an amended complaint by October 14, 2025 to cure deficiencies. *Id*.

On September 30, 2025, Grandberry filed an amended complaint. Dkt. No. 8. The amended complaint names the same defendants as his original complaint along with thee new ones: the "Brown County Court," the "Public Defender's Office," and the "District Attorney Office." *Id*. The amended complaint now describes a number of state court hearings that took place after his arrest. *Id*. It still does not include plausible factual allegations sufficient to state a claim. Grandberry still does not provide any information about what "Jane and John Doe Officers of the Drug Task Force" did or said during his arrest that might have violated his rights. *Id*. Instead, he now complains that he has not had a permanent state public defender assigned to his state court criminal case; therefore, he has had no opportunities to prove his innocence. *Id*. at 3-9. He has only had temporary public defender appointment to get through scheduled hearings. *See id*. He states, "I ask that the case be dismissed with prejudice." *Id*. at 8. He also requests money for the time spent in custody since July 2024. *Id*. at 10.

As previously explained, Grandberry cannot seek monetary damages against judges, prosecutors, and state public defenders under §1983. *See Agrawal v. Pallmeyer*, 313 Fed. Appx. 866, 867-68 (7th Cir. 2009) (explaining that judges and prosecutors are entitled to absolute immunity under §1983 and defense attorneys do not act under the color of state law or federal authority for purposes of §1983). Additionally, he still does not allege any specific facts against "Jane and John Doe Officers of the Drug Task Force" (the only suable defendant in the case). The

Court notes that Grandberry's decision to add as defendants the "Brown County Court," the "Public Defender's Office," and the "District Attorney Office" does not change the analysis because those entities are not "persons" that can be used under §1983. *See Whiting v. Marathon C'nty Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004). To the extent Grandberry requests that his state court criminal case "be dismissed with prejudice," he must address that request to the state court directly. This Court does not have authority to order dismissal of a state court criminal case through a §1983 claim. *See e.g., Fulford v. Zelevinski*, No. 16-CV-11445, 2018 WL 11308712, at *3 (N.D. Ill. Jan. 30, 2018). As previously explained, this Court cannot do *anything* to interfere with the on-going state court criminal case. *See Younger v. Harris*, 401 U.S. 37, 45 (1971). Therefore, the Court will dismiss this case for failure to state a claim.

## CONCLUSION

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin on October 10, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.